1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7

UNITED STATES OF AMERICA,

Case No.2:18-CR-120  JCM (PAL)

8

Plaintiff(s),

9

v.

ORDER

10

CHARLES SANDIL,

11

Defendant(s).

12

13   Presently before the court is defendant Charles Sandil's *pro se* motion for a sentence

14   reduction under Amendment 821 of the United States Sentencing Guidelines.  (ECF No. 36).

15   Amendment 821 is a retroactive amendment that provides a two-level downward offense level

16   adjustment for certain zero-point offenders whose offenses fit within the guideline's criteria.  *See*

17   USSG § 4C1.1.

18   The court sentenced Sandil on March 7, 2019.  (ECF No. 33).  Sandil filed the instant

19   motion *pro se* and was thereafter appointed a federal public defender pursuant to General Order

20   2023-09.[1]  (ECF No. 38).

21   Sandil's counsel filed a notice of non-eligibility.  (ECF No. 39).  She informs the court that

22   though Sandil is eligible to have criminal "status" points reduced under Part A, his adjusted

23   sentencing guideline range would nonetheless remain the same.  (*Id*.).  Sandil is similarly ineligible

24   under Part B because he was not a zero-point offender at the time of sentencing.  (*Id*.).

25
26

27

28

    [1] General Order 2023-09 presumptively appointed counsel for any defendant "previously
determined to have been entitled to appointment of counsel, or who is now entitled to appointment
of counsel, to determine whether that defendant may qualify for retroactive relief under
Amendment 821."

1    Counsel has already informed Sandil he is ineligible for a sentence reduction.  (ECF No.
2    38).  The court does not find reason to deviate from counsel's findings.
3    Accordingly,
4    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for a
5    sentence reduction (ECF No. 36) be, and the same hereby is, DENIED.
6    Dated October 23, 2024.

8    _____
     UNITED STATES DISTRICT JUDGE